**Harold WARREN, Plaintiff**

v.

**Charles C. COCHRANE,
et al., Defendants**

**No. 01–293–P–DMC.**

United States District Court,
D. Maine.

April 18, 2003.

322

Fernand A. Martineau, Portland, ME, for Harold Warren, Plaintiff.

Roy T. Pierce, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Seth W. Brewster, Verrill & Dana, Portland, ME, for Charles C. Cochrane, in his capacity as Plan Administrator of the Blethen Maine Newspapers, Inc. Pension Plan, Blethen Pension Plan, Wells Fargo Master, Blethen Maine Newspapers Incorporated, Defendants.

## MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES [1]

DAVID M. COHEN, United States Magistrate Judge.

Plaintiff Harold Warren, who prevailed in the instant case following a bench trial held on December 16, 2002, moves for an award of attorney fees pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* *See* Plaintiff's Motion for Attorney Fees ("Motion") (Docket No. 43). For the reasons that follow, I grant the Motion, although I disallow certain portions of the fees sought.

■ Warren relies on 29 U.S.C. § 1132(g)(1), which provides that with respect to actions brought by ERISA plan participants "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." As the First Circuit has construed this provision:

This discretion is not standardless. To channel its exercise, this court has cited five basic factors that customarily should be weighed in the balance: (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent

(if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions. Other courts of appeals have compiled strikingly similar lists. The circuits agree that such compendia are exemplary rather than exclusive. An inquiring court may—indeed, should— consider additional criteria that seem apropos in a given case. In a word, the test for granting or denying counsel fees in an ERISA case is "flexible."

*Cottrill v. Sparrow, Johnson & Ursillo, Inc.,* 100 F.3d 220, 225 (1st Cir.1996) (citations omitted).

■ From all that appears, the Blethen Defendants in this case acted in good faith. Nonetheless, their case was weak. ERISA demands that employers follow their own internal procedures in modifying or amending plans. *See* Findings of Fact and Conclusions of Law ("Findings") (Docket No. 38) at 9–10. The Blethen Defendants patently failed to do so in the case of the plan language relied upon to deny Warren the benefits in question. *See id.* at 10–11. That plan language accordingly was invalid and unauthorized. *See id.* at 9–11.

The judgment obtained by Warren clearly has a deterrent effect. Any rational employer would choose to expend the modest effort required to comply with its own plan-amendment procedures rather than risk the potentially serious ramifications of judicial recognition of the invalidity of plan language. It is less clear

---

**1.** Pursuant to 28 U.S.C. § 636(c), the parties consented to have United States Magistrate Judge David M. Cohen conduct all proceed-

ings in this case, including trial, and to order the entry of judgment.

whether Warren's judgment will benefit similarly situated plan participants, who may, as the Blethen Defendants point out, confront exhaustion-of-administrative-remedy and statute-of-limitations obstacles. *See* Blethen Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorney Fees ("Opposition") (Docket No. 44) at 3. Nonetheless, to the extent any such similarly situated person could overcome those hurdles, Warren's victory would redound to his or her benefit. Finally, as the Blethen Defendants concede, *see id.* at 2, their pockets are deep enough to enable them to pay the fees sought. The five factors, on the whole, tip in Warren's favor. Award of attorney fees is appropriate in this case.

I next consider whether Warren should be awarded all that he seeks. Warren requests an award of $4,000 for what he terms "pre-litigation services," rendered from February 4, 1999 through December 1, 1999, and $19,467 for services rendered from the period December 7, 1999 through December 16, 2002, for a total of $23,467. *See* Motion at 2–3. I agree with the Blethen Defendants that the following should be disallowed:

■ 1. **Pre-litigation service fees.** As the Blethen Defendants note, *see* Opposition at 4, all four circuit courts of appeals to consider the issue have concluded that "ERISA attorney's fees [are] categorically unavailable for expenses incurred while exhausting administrative remedies," *Rego v. Westvaco Corp.,* 319 F.3d 140, 150 (4th Cir.2003); *see also Peterson v. Continental Cas. Co.,* 282 F.3d 112, 121 (2d Cir.2002); *Anderson v. Procter & Gamble Co.,* 220

F.3d 449, 456 (6th Cir.2000); *Cann v. Carpenters' Pension Trust Fund for N. Cal.,* 989 F.2d 313, 315–17 (9th Cir.1993). Warren makes no cogent argument that the First Circuit would choose to part ways with its sister circuits on this point. *See* Plaintiff's Reply to Blethen Defendants' Opposition to Plaintiff's Motion for Attorney Fees ("Reply") (Docket No. 45) at 4. Accordingly, I hold that those fees are unavailable in this case. I further agree with the Blethen Defendants that the dividing line logically is September 26, 2000, the date of the Blethen Defendants' final administrative denial of Warren's benefits claim. *See* Opposition at 4; Complaint (Docket No. 1) ¶ 32 & Exh. 10 thereto. Thus, the $4,000 sought for work performed by the plaintiff's counsel through December 1, 1999, plus an additional $1,312.50 (representing 7.5 hours of work billed at $175 per hour) for work performed by the plaintiff's counsel between December 7, 1999 and September 26, 2000, *see* Exh. 3 to Motion—a total of $5,312.50—is deducted from the fees sought.

■ 2. **Fees for clerical tasks.** As the Blethen Defendants observe, *see* Opposition at 4–5, the plaintiff's counsel billed time at his full hourly rate ($175 per hour) for the following clerical tasks: mailing notice of the lawsuit and requests for waivers of service (December 20, 2001, 2.0 hours); delivery of documents (November 5, 2002, 2.0 hours);[2] and preparation of trial notebooks for trial (December 13, 2002, 2.0 hours). *See* Exh. 3 to Motion. Warren argues that these amounts should be compensable inasmuch as his counsel

---

2. Plaintiff's counsel's bill records a total of 6.0 hours spent on November 5, 2002 for the drafting of a trial brief and comprehensive witness list as well as for the clerical task of delivery of certain documents. *See* Exh. 3 to Motion. Counsel does not provide a break-

down of time spent on legal, versus clerical, tasks. *See id.* Accordingly, consistent with time recorded on other occasions for the performance of similar clerical tasks, I allocate 2.0 hours to the clerical tasks.

achieved efficiencies and avoided certain overhead costs by choosing to perform clerical tasks himself. *See* Reply at 4–5. Nonetheless, Warren's counsel continued to charge a regular hourly fee ($175) in line with that customarily charged by attorneys in this state handling cases such as this. *See* Affidavit of Fernand A. Martineau, Esquire, in Support of Plaintiff's Reply to Blethen Defendant's [sic] Opposition to Plaintiff's Motion for Attorney Fees (Docket No. 46) ¶ 9.[3] His fee thus by definition sufficed to cover overhead costs such as staffing for the performance of clerical tasks, regardless of whether he chose to avail himself of such help. Accordingly, the sum of $1,050, representing 6.0 hours of attorney time billed at $175 per hour for the performance of clerical tasks, is deducted from the fees sought.

■ 3. **Entry of October 17, 2002.** I agree with the Blethen Defendants, *see* Opposition at 7; Exh. 3 to Motion, that one hour is an excessive amount of time for reviewing an order affirming a recommended decision, informing the client about it and calling the clerk's office. The three tasks together should have absorbed no more than a half an hour's time. Hence, the sum of $87.50, representing a half hour's time, is deducted from the fees sought.

I decline to find the following additional entries excessive for the following reasons:

■ 1. **Entry of October 1, 2002,** *see* Exh. 3 to Motion, Opposition at 6: Although six hours would indeed be excessive for work on documents that the Blethen Defendants' counsel primarily prepared and for the listing of known documents, the time entry in question also subsumes some work on Warren's trial brief. Six hours is not unreasonable for the totality of services listed.

■ 2. **Entry of October 7, 2002,** *see id.:* Six hours is not an unreasonable total for preparation of Warren's response to the Blethen Defendants' objection to my recommended decision on summary judgment.

■ The Blethen Defendants finally ask the court to disregard a number of the plaintiff's counsel's charges on the basis that counsel provides too vague a description of the services rendered to permit meaningful assessment of the billing judgment involved. *See* Opposition at 7–8. While more detail would be desirable, the entries in question (for services rendered from November 19, 2001 through December 16, 2002) do convey date, time and basic nature of the task and allow a person familiar with this case, and with the identity of counsel, parties and witnesses involved, to determine that the tasks in question were undertaken in furtherance of this (as opposed to some other) case. *See* Exh. 3 to Motion. Further, the total amount of time logged in the "litigation phase" (97.24 hours when one subtracts the 6.5 hours that I have disallowed) is not unreasonable in a case in which the plaintiff faced a motion to strike portions of his complaint as well as two separate motions for summary judgment. I thus decline to disallow any portion of the fee request on this basis.

For the foregoing reasons, pursuant to 29 U.S.C. § 1132(g)(1) I award Warren attorney fees in the total amount of $17,017.00, representing 97.24 hours of attorney time billed at the rate of $175 per

---

**3.** The Blethen Defendants do not argue that the plaintiff's counsel's hourly rate of $175 is inappropriately high for legal services rendered. *See generally* Opposition.

hour during the litigation phase of this case.

So ordered.